IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SIDNEY MARTS,

     Plaintiff,

v.                                     CASE NO. 4:13-cv-520-MW-GRJ

STATE OF FLORIDA, et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Sidney Marts, DOC Inmate # X49222, initiated this case by filing a *pro se* Complaint pursuant to 42 U.S.C § 1983. Doc. 1. Plaintiff is an inmate in the custody of the Florida Department of Corrections, serving sentences imposed in Escambia County for identification fraud, forgery, grand theft, and resisting a law enforcement officer. He is presently confined at Liberty Correctional Institution. Plaintiff is a three-striker under 28 U.S.C § 1915(g), and thus may not bring a civil action *in forma pauperis*. *See In re Sidney Marts*, Case No. 09-11274 (11th Cir. June 3, 2009) (citing dismissals that count as strikes)[1]. In this case, Plaintiff does not seek to proceed *in forma pauperis* but has paid the full $400 civil rights filing fee. Nevertheless, the Complaint is subject to screening pursuant to 28 U.S.C § 1915A, which authorizes the Court to review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and to dismiss a complaint that is

_____

[1]A review of the Court's PACER index reflects that Plaintiff has filed dozens of federal cases while he was incarcerated.

frivolous, malicious, or fails ot state a claim against which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.

In the Complaint, Plaintiff names 32 individual defendants. All of the defendants are state and federal judges, clerks of court, public defenders, state attorneys, assistant attorneys general, the Florida Bar counsel, two private attorneys, and the general counsel of the DOC.

Plaintiff alleges that he is not challenging the validity of his convictions. Rather, he contends that defendants committed fraud by conspiring and fabricating a competency hearing during his criminal case and committing him to a mental health facility. Although some of Plaintiff's allegations are difficult to construe, he appears to allege that the named state court judges denied him access to court and fraudulently adjudicated his case. He contends that state court judges have denied him access to court in connection with disciplinary sanctions the courts have imposed against him, presumably for filing frivolous cases. He contends that federal magistrate judges, district judges, and the Eleventh Circuit engage in ongoing practices to cause injury by denial of access to courts. He contends that defendant attorneys have violated Florida Bar and American Bar Association rules. Plaintiff seeks declaratory and injunctive relief. Doc. 1.

"A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing *Battle v. Central State Hospital*, 898 F.2d 126,129 (11th Cir. 1990)). A dismissal as frivolous pursuant to 28 U.S.C § 1915(e)(2)(B)(i) is appropriate when a complaint presents legal theories that are "indisputably meritless," or when the claims rely on factual

allegations which are "clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).

Even liberally construing the allegations of the Complaint, it is plainly frivolous.[2] Because the complaint challenges the conduct of judges during the performance of their duties, Plaintiff's claims against the defendant judges are barred by the doctrine of absolute judicial immunity. It is well settled law that judges are "entitled to absolute judicial immunity from damages for those acts taken while acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (internal citations omitted). It is evident that the conduct about which Plaintiff complains involved the defendants' actions as judges presiding over Plaintiff's criminal case and state and federal civil litigation. Thus, absolute judicial immunity applies to all of the defendants' judicial actions, even if "the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id*.

In the same vein, the prosecutorial function is cloaked with absolute immunity, with certain narrow exceptions, and court-appointed lawyers are generally immune from malpractice suits. See Imbler *v. Pachtman*, 424 U.S. 409, 430-31 (1976) (prosecutors); *Sullens v. Carroll*, 446 F.2d 1392, 1392-93 (5th Cir.1971) (court-appointed lawyers). The allegations of the Complaint do not suggest that Plaintiff's claims would fall within any of recognized exceptions to these immunity doctrines.

With respect to other defendants such as the named court clerks, Bar counsel,

---

[2]To the extent Plaintiff could assert a non-frivolous challenge to the validity of his underlying conviction and confinement, his remedy is to pursue a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

private attorneys, DOC counsel, and state attorneys general, the Complaint is wholly devoid of any factual allegations suggesting that Plaintiff has a non-frivolous claim to raise against such parties.  Because, even liberally construed, the facts alleged do not suggest that Plaintiff could amend his complaint to assert a cognizable claim for relief against any of the defendants, the Court concludes that amendment of the complaint would be futile.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

In light of the foregoing, it is respectfully **RECOMMENDED** that this case should be  **DISMISSED** as frivolous pursuant to 28 U.S.C § 1915A.

**IN CHAMBERS** this 23rd day of October 2013.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**